**SHAWNEE AUTO SERVICE CENTER, LTD., Plaintiff,**

v.

**CONTINENTAL CASUALTY COMPANY, Defendant.**

**Civ. A. No. 90–2429–L.**

United States District Court, D. Kansas.

Jan. 27, 1992.

Steven B. Moore, Watson, Ess, Marshall & Enggas, Olathe, Kan., Laurence R. Tucker, Watson, Ess, Marshall & Enggas, Kansas City, Mo., for plaintiff.

Stephen J. Dennis, Gregory W. Bruning, Niewald, Waldeck & Brown, Overland Park, Kan., for defendant.

## MEMORANDUM AND ORDER

LUNGSTRUM, District Judge.

On January 21, 1992, the motion by the plaintiffs for summary judgment (doc. # 43) came on for hearing. For the reasons set forth in the record, the plaintiffs' motion is denied. Some clarification of the ruling is required in order for the parties to properly prepare for trial.

The court has determined that there is no issue of material fact concerning whether or not the February 25, 1988 letter to Civic Associates, Inc. (hereafter "the insured") was a claim within the meaning of the policy of insurance issued by the defendant. The Court finds, and so stated on the record, that the letter in question did not constitute a claim within the meaning of that policy language. However, the court did determine that an issue of material fact does exist concerning whether or not prior to March 1, 1988, the insured could have expected that a claim would be made against it such that coverage for the claim would be precluded under the policy. For this reason, then, the Court denied the plaintiffs' motion while taking under advisement the defendant's third contention, that some or all the claims settled by the March 26, 1990 agreement were outside of the coverage of defendant's policy. For the reasons set forth below, the Court finds that the plaintiff is entitled to summary judgment on that issue.

The basic facts of this case are not much disputed by the parties and are set out in some length in the memoranda filed in support of and in response to the plaintiff's Summary Judgment Motion. The facts most relevant to the policy coverage issue raised by the defendant can be summarized briefly. In essence, following a period of discussions between the plaintiffs and the insured, various arbitration, damage and lien foreclosure actions were filed arising out of the dispute between the plaintiffs and the insured. After several months of negotiations, and a disclaimer by the defendant of coverage under the policy of insurance issued to the insured, the plaintiffs and the insured arrived at a settlement agreement. Under the provisions of that agreement, although all of the claims were resolved, the "negligence claims" of the plaintiffs against the insured were specifically settled for $410,000.00, to be collected from the insurance policies issued by the defendant and another insurance company. The plaintiffs were assigned the right to recover the proceeds of the policies in excess of the amount of $60,000.00, including any deductible amounts under the policies. The defendant contends that because the claims made against the insured in the various actions arising out of the dispute be-

tween the insured and the plaintiffs included claims which were concededly outside of the coverage of the defendant's policy it is entitled to a trial to determine whether or not it is bound by the terms of the settlement agreement, which, by its terms, purports to obligate the insured to pay the plaintiffs $410,000.00 in settlement only of their negligence claims. The Court disagrees.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R.Civ.P. 56(c). The party who files a motion for summary judgment has the initial burden of demonstrating the absence of a genuine issue of material facts concerning its claims. The burden may be met by showing that there is an absence of evidence to support the nonmoving party's case. *Celotex Inc. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once the moving party has properly supported its motion for summary judgment, the burden shifts to the nonmoving party to show that there is a genuine issue of fact left for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The nonmoving party may not simply rest on its pleadings in the case but has the affirmative duty to come forward with facts to establish that a genuine issue exists necessitating a trial in the case. Id.

Both parties agree, and the Court concurs, that the substantive law of the State of Missouri applies to determine this issue. Missouri law appears to give great deference to settlements by an insured following denial of coverage (such as has occurred here). Although the facts of our case are hardly apposite, the Court's comment in *Hyatt Corporation v. Occidental Fire and Casualty Company,* 801 S.W.2d 382 (Mo.App.1990) is indicative of that policy:

It is well established that after a denial of coverage the insured has a "free hand to proceed, as soon as practicable, in his own way" and "make the best settlement he can," ... and the insurer will be bound by such settlement and may not thereafter complain of the manner of the settlement "absent collusion or bad faith" ... (citations omitted) *Hyatt Corporation* at 387.

The thrust of the defendant's argument on the issue is that multiple claims were made against the insured, all were settled and resolved by the settlement agreement, but the only money to be paid by the insured was allocated to the negligence claims. Although such a situation may be ripe for collusion or fraud, defendant has made no such allegation in the pretrial order nor did it attempt to do so in oral argument. The defendant rests its case largely on the proposition that the decisions in *Butters v. City of Independence,* 513 S.W.2d 418 (Mo.1974) and *Katz Drug Company v. Commercial Standard Insurance Company,* 647 S.W.2d 831 (Mo. 1983) open the door to a trial in this case to determine whether or not the insured's liability is predicated on a covered wrongful act or on something which is not covered by the policy of insurance. *Butters* and *Katz Drug,* however, neither involve a situation where a settlement has occurred which specifically allocates a portion of the consideration to settling covered claims. In both of those cases, there were prior judicial determinations of liability which were silent on the basis therefor. There was no admission of liability by the insured for a covered wrongful act nor was there any purported attempt to resolve any claims arising out of such a covered wrongful act. In *Butters* and *Katz Drug* there would have been no basis to determine whether or not the claims were covered absent further proceedings. Here, by contrast, the settlement agreement supplants the necessity for that determination on the condition that the settlement agreement was not the product of collusion or bad faith.

Even if the defendant's contention were that the allocation to the negligence claims of the $410,000.00 settlement

amounts to a bad faith ploy to shift responsibility for other acts which are excluded under the policy, the defendant has not met its burden under *Celotex* and *Anderson* to come forth with any evidence which supports that proposition. The plaintiffs, by contrast, have established their prima facie case that the settlement in question arises out of a covered wrongful act, the insured's negligence. The settlement agreement is "presumptive evidence" of the insured's liability. See J. Appleman, *Insurance Law and Practice* (Berdal Ed.) § 4714. The issue, of course, is not whether or not the insured was actually negligent (that is, whether or not a jury would have found in plaintiffs' favor against the insured), but whether or not the settled claim was for an act which, if proved, was covered. The settlement agreement itself, by identifying the settlement as being attributed to the negligence claims, satisfies the threshold test. As Judge Gaitan set out in *Hyatt:*

> "Missouri law requires that settlements be free of collusion and bad faith, but does not require the insured, as a condition of reimbursement, to prove that it is ultimately liable for the settled claims. In negotiating a settlement an insured need only be able to take into consideration the likelihood of success or failure, the costs, uncertainty, delay and inconvenience of trial compared with the advantages of settlement." *Hyatt Corporation* at 388.

Thus, if the defendant had wished to attack the settlement under the summary judgment rules of *Anderson* and *Celotex*, it needed to have come forward with evidence that the settlement was not a good faith resolution of the claims for negligence (which claims the defendant concedes were made in the proceedings between the plaintiffs and the insured) but were the product of collusion or bad faith.

It has presented absolutely no evidence to that effect and has chosen to rest on its pleadings with the result that its defense must fail.[1]

The Court believes that this result is consistent with Missouri's policy not to thwart settlements when coverage has been denied and with the recognition that when an insurer denies coverage it does so at its own risk. It thereby gives up the opportunity which it otherwise would have had to control the flow and shape, let alone the outcome, of the process. It could have protected itself here, even with its defense that the claim was first made before the policy took effect, by defending under a reservation of rights and/or by going to trial with special questions to be presented to the jury to determine whether liability, if any, arose from a covered act or an uncovered one on the part of the insured. On the other hand, if it had any factual basis to assert that the insured agreed to a monetary settlement against it collusively or in bad faith (including what could fairly be labeled a bad faith act of attributing all monetary consideration to be paid by the insured to covered rather than uncovered claims without an appropriate basis to do so) the defendant could have developed that evidence through discovery and brought it to the attention of the court. It has not done so and there is no issue of fact to be tried in that regard.

IT IS SO ORDERED.

---

1. Defendant cites a quotation from Appleman's insurance law treatise at page 14 of its Response to the effect that questions of coverage preclude summary judgment in a case such as this one. The Court does not concur that the rule is that broad. If there is no issue of material fact presented to the Court on the question of coverage, then the mere existence of a bare coverage defense is not a bar to summary judgment where the moving party has made a satisfactory showing. The Appleman quote, authored in the pre *Anderson/Celotex* era in which summary judgment seemed disfavored, and based on a 1949 case, is not enough to preserve the defense here.